UNITED STATES of America,
Appellee,

v.

Aurelio FLORES–SOLIS, Appellant.

No. 25457.

United·States Court of Appeals,
Ninth Circuit.

Oct. 28, 1970.

David C. Marcus, Defense Counsel, Los Angeles, Cal., for appellant.

Harry D. Steward, U. S. Atty., Stephen G. Nelson, Asst. U. S. Atty., San Diego, Cal., for appellee.

Before HAMLEY and DUNIWAY, Circuit Judges, and LEVIN, District Judge.*

PER CURIAM:

Aurelio Flores-Solis appeals from his conviction, on a jury verdict, on five counts of a six-count indictment charging offenses involving the illegal entry of alien Mexicans. Specifically, defendant was convicted on charges that he knowingly encouraged and induced the illegal entry of two Mexican aliens, knowingly brought one of these aliens into the United States, and transported the two aliens within the United States in violation of law.

On June 29, 1969, in the vicinity of the San Ysidro Port of Entry, a border patrolman stopped defendant on northbound Interstate 5. Defendant was driving a van containing three Mexican aliens. Upon inquiry the aliens presented false immigration documents and admitted their Mexican citizenship. Defendant presented his own valid alien resident immigration card. In addition, the patrolman found in defendant's possession a border-crossing card bearing the name of Adelina Villasenor de Galvan. Defendant and the aliens were then arrested.

On this appeal defendant first argues that the trial court erred in failing to

---

* The Honorable Gerald S. Levin, United States District Judge for the Northern District of California, sitting by designation.

give the "general impeachment instruction that is usual, customary and proper. * * *" The need for such an instruction, defendant asserts, arises from the fact that a Government witness, Juan Torre, gave testimony which was inconsistent with statements he had previously given Government investigating officers.

■ Defendant did not submit a proposed instruction on this subject, nor has he told us, on this appeal, what specific instruction should have been given. His only hint of an objection during the course of the trial came after the jury had been instructed, when he told the court that "[i]mpeachment, inconsistent statements, that is not covered there, I don't believe." Moreover, in our opinion, the court's instruction No. 16 adequately and comprehensively covered the subject of impeachment.

■ Defendant next contends that the trial court erred in admitting, over objection, the Government's exhibit No. 3. This was the border-crossing card, made out to Adelina Villasenor de Galvan.

Defendant argues that the card is not relevant or material to any issue in the case. We do not agree. The prosecution theory was that, pursuant to plan, defendant had provided the alien witnesses with false immigration cards to facilitate their illegal entry into the United States, but had neglected to dispose of the extra card found on his person. The trial court correctly ruled that possession of this extra immigration card tended to corroborate the testimony of the two alien witnesses as to the nature of defendant's smuggling scheme. Defendant's additional arguments with regard to the admissibility of this card do not have sufficient merit to warrant discussion.

Defendant's final argument on appeal is that he was denied a fair trial because of the impropriety of some of the Government's cross-examination.

We have examined the instances complained of. Some of the cross-examination was improper, as the Government concedes. To the extent that the cross-examination was improper, objections were promptly sustained. Defendant does not state that he moved for a mistrial, nor does he argue that the trial court erred in failing to grant a mistrial on its own motion. In our opinion the one or two instances of improper cross-examination, which were stopped at the threshold, did not prejudice defendant. In our view he had a fair trial and was convicted on overwhelming evidence of guilt.

Affirmed.