UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| BEVERLY ANETTE RAINES, Principal, Brighton School, | No. 13-35304 |
| Plaintiff, | D.C. No. 2:09-cv-00203-TSZ Western District of Washington, Seattle |
| And | |
| CHALICE STALLWORTH, Elementary School Teacher, | ORDER |
| Plaintiff - Appellant, | |
| v. | |
| SEATTLE SCHOOL DISTRICT NO 1, a municipal corporation, | |
| Defendant - Appellee. | |

Before: NOONAN, HAWKINS, and GOULD, Circuit Judges.

The Clerk shall file the attached amended memorandum disposition in place of the memorandum disposition filed on September 10, 2015.

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BEVERLY ANETTE RAINES, Principal, Brighton School, | No. 13-35304 |
| Plaintiff, | D.C. No. 2:09-cv-00203-TSZ |
| And | AMENDED MEMORANDUM[*] |
| CHALICE STALLWORTH, Elementary School Teacher, | |
| Plaintiff - Appellant, | |
| v. | |
| SEATTLE SCHOOL DISTRICT NO 1, a municipal corporation, | |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Thomas S. Zilly, Senior District Judge, Presiding

Submitted September 4, 2015[**]
Seattle, Washington

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: NOONAN, HAWKINS, and GOULD, Circuit Judges.

Chalice Stallworth appeals a jury verdict in favor of defendant Seattle School District No. 1 (the District). She raises several claims of error, but we affirm.

Ms. Stallworth first argues that the district court erred by trying her case jointly with that of co-plaintiff Audrey Weaver. In a July 1, 2011, order, the district court asked the plaintiffs to determine whether they "should be divided into two groups as outlined in [an earlier order] or in some other fashion." Ms. Stallworth's July 18, 2011, response suggested that "[f]or the purpose of trial and dispositive motions," she "would like to be grouped" with Ms. Weaver. The court complied with this request. Ms. Stallworth claims on appeal that the district court erred in doing so. But because she "both invited the error, and relinquished a known right" by abandoning a prior motion to sever and asking the court to group her case with Ms. Weaver's for trial, any "error is waived and therefore unreviewable" on appeal. *United States v. Perez*, 116 F.3d 840, 845 (9th Cir. 1997) (en banc).

Ms. Stallworth next argues that the district court erred by allowing the District to refer to her "dishonesty" in its opening statement and closing argument to the jury. A new trial is appropriate when attorney misconduct "sufficiently

2

permeat[ed] [the] entire proceeding to provide conviction that the jury was influenced by passion and prejudice in reaching its verdict." *Settlegoode v. Portland Pub. Sch.*, 371 F.3d 503, 516–17 (9th Cir. 2004) (quoting *Kehr v. Smith Barney*, 736 F.2d 1283, 1286 (9th Cir. 1984)). "There is an even 'high[er] threshold' for granting a new trial where, as here, [appellant] failed to object to the alleged misconduct during trial." *Id.* at 517 (quoting *Kaiser Steel Corp. v. Frank Coluccio Constr. Co.*, 785 F.2d 656, 658 (9th Cir. 1986)). There was no error. The District's defense at trial was that it did not need to provide Ms. Stallworth with the accommodation she requested because she interned with another school district while on unpaid leave in 2007–08, which demonstrated that her injuries were not as serious as she suggested and justified terminating her contract for 2008–09. The District's statements about Ms. Stallworth's dishonesty regarding her need for an accommodation were at the heart of its theory of the case and were not improper.

Next, Ms. Stallworth argues that the district court erred by limiting the plaintiffs' trial presentation to fifteen hours shared between her and Ms. Weaver. Because Ms. Stallworth did not object at trial to the district court's time limitation, she must show an obvious error that affected her fundamental rights and "reach[ed] the pinnacle of fault" envisioned by the plain error standard. *C.B. v. City of*

*Sonora*, 769 F.3d 1005, 1018 (9th Cir. 2014) (en banc) (quoting *Hemmings v. Tidyman's Inc.*, 285 F.3d 1174, 1193 (9th Cir. 2002)). Ms. Stallworth has not identified any specific witness she could not call, crucial testimony she could not present, or exhibit she could not show, nor does she explain how she was prejudiced by the time limitation. The district court did not commit plain error.

Ms. Stallworth also argues that the district court erred by including a sentence in Jury Instruction No. 14B that related solely to Ms. Weaver's claim and stated that the District did not have a duty to provide her with a new supervisor. She relatedly claims that the court erred by not providing "further instruction about the duty to affirmatively assist in finding alternative jobs and reassigning disabled individuals," and that the court should have instructed the jury that school districts "do have a duty to transfer disabled teachers to positions for which they qualify in and/or out of certificated employment." Ms. Stallworth did not object to this instruction at trial, however, so we review for plain error. *C.B.*, 769 F.3d at 1018. We conclude that the jury instruction adequately captured Washington state law by stating: "An employer must provide a reasonable accommodation for an employee with an impairment unless the employer can show that the accommodation would impose an undue hardship on the employer" and by providing examples of an acceptable reasonable accommodation under the Washington Law Against

4

Discrimination. The district court did not plainly err by omitting the more specific instruction that Ms. Stallworth now requests on appeal.

Finally, Ms. Stallworth argues that the district court abused its discretion by refusing to instruct the jury about the meaning of "employment contract" under Washington state law to supplement an instruction that implied that Ms. Stallworth was not entitled to a reasonable accommodation if she had signed employment contracts with two school districts for the same term. The district court denied the request because it was "not aware of any such pattern instruction" for the term "employment contract" and it would not "give it unless there is such a pattern instruction." Ms. Stallworth did not object further, nor did she propose an instruction defining these terms. The district court did not abuse its discretion by denying the instruction because of Ms. Stallworth's lack of specificity. *See United States v. Flores-Solis*, 433 F.2d 945, 946 (9th Cir. 1970) (per curiam). Nor are the words "employment contract" confusing or technical such that the jury required further guidance to interpret the instruction. *See United States v. Sarno*, 73 F.3d 1470, 1485 (9th Cir. 1995).

**AFFIRMED**.